WHETHER CHARGE II FAILS TO STATE AN OFFENSE BECAUSE IT DOES NOT EXPRESSLY ALLEGE OR NECESSARILY IMPLY THE TERMINAL ELEMENT OF ARTICLE 134, UCMJ.

No briefs will be filed under Rule 25.

No. 12–0311/AF. U.S. v. William R. Mullen. CCA 37959. Review granted on the following issue:

WHETHER THE SPECIFICATION OF CHARGE IV FAILS TO STATE AN OFFENSE BECAUSE IT DOES NOT EXPRESSLY ALLEGE OR NECESSARILY IMPLY THE TERMINAL ELEMENTS OF ARTICLE 134, UCMJ.

No briefs will be filed under Rule 25.

No. 12–0371/AR. U.S. v. Charlie W. Presley, Jr. CCA 20090673. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to March 28, 2012.

No. 12–0373/AF. U.S. v. Jose S. Monserrate. CCA S31649. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to March 29, 2012.

No. 12–6006/AR. U.S. v. Justin D. Robison. CCA 20110758. On consideration of the petition for grant of review filed by counsel for the Appellant on February 29, 2012, under Rule 19(a)(5)(A), Rules of Practice and Procedure, United States Court of Appeals for the Armed Forces, and docketed under Docket Number 12–0359/AR, it appears that said petition is in fact a petition for grant of review of the decision of the United States Army Court of Criminal Appeals on appeal by the United States under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862. Accordingly, it is ordered that Docket Number 12–6006/AR be forthwith assigned to this case, that

Docket Number 12–0359/AR be removed from this case and not be assigned to any case in the future, and the Clerk's office and counsel for both parties herein promptly ensure that the new docket number assigned to this case be noted on all pleadings filed to date in this matter.

No. 11–0303/MC. U.S. v. Thomas R. Lirley. CCA 201000502. Review granted on the following issue:

> A SPECIFICATION STATES AN OFFENSE ONLY IF IT ALLEGES EITHER EXPRESSLY OR BY IMPLICATION, EVERY ELEMENT OF THE OFFENSE. THE "TERMINAL ELEMENT" OF ARTICLE 134, UCMJ, IS AN ELEMENT OF THE OFFENSE THAT MUST BE PROVED BEYOND A REASONABLE DOUBT. SPECIFICATIONS 1, 2, AND 3 OF THE CHARGE DO NOT ALLEGE THE TERMINAL ELEMENT OF ARTICLE 134, UCMJ. DO THE SPECIFICATIONS FAIL TO STATE AN OFFENSE?

No briefs will be filed under Rule 25.

No. 11–0610/AR. U.S. v. Marcus Melchor. CCA 20100272. Review granted on the following issue:

> WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENT FROM THE SPECIFICATION OF CHARGE III CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 12–0234/AF. U.S. v. Jason W. Terwilliger. CCA S31840. Review granted on the following issue:

> WHETHER APPELLANT'S PLEA OF GUILTY TO CHARGE II AND ITS SPECIFICATION WAS IMPROVIDENT BECAUSE THE SPECIFICATION OF CHARGE II FAILED TO ALLEGE ANY ONE OF THE THREE DISTINCTIVE ELEMENTS OF ARTICLE 134 AND THEREBY